UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIONDRAE L. PARKER,<br><br>                              Plaintiff<br><br>    v.<br><br>M. PICKENS, et al.,<br><br>                             Defendants | Case No. 3:22-cv-00543-MMD-CLB<br><br>**ORDER** |

**I.     DISCUSSION**

In May 2023, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A, found that the complaint states multiple colorable claims, and referred the case to the Court's Inmate Early Mediation Program. (ECF No. 5). In August 2023, the Court stayed the case because of ongoing criminal proceedings filed against Plaintiff based on the same incident that is at the center of Plaintiff's claims. (ECF No. 17). In its latest status report, interested party Nevada Department of Corrections states that the trial in Plaintiff's criminal proceeding has been postponed pending a competency evaluation. (ECF No. 28). Nevada Department of Corrections requests that the stay remain in place until after the competency proceedings in October 2024. (*Id.* at 2).

Plaintiff has filed a motion requesting appointment of counsel and updating his address to the mental health unit at Northen Nevada Correctional Center. (ECF No. 27). In his motion, he states that he does not have adequate access to the law library, he is in a dark place mentally, he recently attempted suicide by swallowing batteries, he is hearing voices, and he continues to have suicidal thoughts. (*Id.* at 1-2). Plaintiff states that he is afraid that in his current mental state he will be unable to timely respond to motions, and he requests that counsel be appointed for the duration of his treatment at the psychiatric ward of the Northern Nevada Correctional Center. (*Id.* at 2).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In its screening order, the Court found that the complaint states multiple colorable claims. In considering Plaintiff's colorable claims, together with the allegations about Plaintiff's mental illness, questions about his competency, and his ongoing criminal proceedings, the Court finds that this case presents exceptional circumstances that warrant appointment of counsel. Therefore, the Court grants Plaintiff's motion for appointment of counsel and refers this case to the Pro Bono Program adopted in Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Plaintiff. The scope of appointment will be for all purposes through the conclusion of trial. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

This case will remain stayed until pro bono counsel is appointed. After pro bono counsel is appointed, the parties may file arguments as to whether the stay should be extended or whether the case should proceed to mediation. Interested party Nevada Department of Corrections shall file a status report updating the Court no later than 14 days after a determination is made regarding Plaintiff's competence for his ongoing criminal proceedings.

II. **CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 27) is GRANTED. This case is referred to the Pro Bono Program for appointment of

counsel for the purposes identified herein. The Clerk of the Court shall forward a copy of this order to the Pro Bono Liaison. If counsel is not appointed within 90 days from the date of this order, the Court will hold a status conference with the parties to address the matter of securing counsel for Plaintiff.

IT IS FURTHER ORDERED that this case shall remain stayed until after pro bono counsel is appointed.

IT IS FURTHER ORDERED that interested party Nevada Department of Corrections shall file a status report updating the Court no later than 14 days after a determination is made regarding Plaintiff's competence in his ongoing criminal proceedings.

DATED THIS 12th day of September 2024.

_____
UNITED STATES MAGISTRATE JUDGE