UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIONDRAE L. PARKER,<br><br>                Plaintiff,<br><br>    v.<br><br>M. PICKENS, *et al.*,<br><br>                Defendants. | Case No. 3:22-CV-00543-MMD-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS REGARDING SETTLEMENT AGREEMENT**<br><br>[ECF Nos. 39, 40, 41, 42] |

Before the Court are Plaintiff Diondrae L. Parker's ("Parker") motion to enforce settlement, (ECF No. 39), motion for relief, (ECF No. 40), emergency motion for an order to show cause, (ECF No. 41), and motion for court direction, (ECF No. 42). For the reasons discussed below, each motion is denied.

On October 22, 2025, a global early mediation conference was conducted in this case before the undersigned Magistrate Judge.[1] (ECF No. 36.) A settlement agreement was reached, reduced to writing, and signed by the parties at the mediation.[2] (*Id.*) Counsel for Defendants was instructed to file stipulation to dismiss this case with prejudice or a status report by no later than December 23, 2025. (*Id.*) In the minute order for the settlement, it was specified that "[t]he Court will retain jurisdiction over the subject matter during the finalization of the settlement, and until the stipulation to dismiss is entered. Thereafter, the jurisdiction of the Court will terminate." (*Id.*)

On December 23, 2025, Defendants filed the stipulation to dismiss the case. (ECF No. 37.) The stipulation to dismiss was granted and the case was closed on December 24, 2025. (ECF No. 38.)

Thereafter, Parker filed the currently pending motions on December 26, 2025.

---

[1] The global mediation also included *Parker v. Fihur, et al.*, Case No. 3:25-cv-00108-ART-CLB, and *Parker v. Stubbs, et al.*, Case No. 3:24-cv-00129-MMD-CLB.

[2] The settlement agreement included all three cases.

(ECF Nos. 39, 40, 41, 42.) Each motion relates to the terms and/or enforcement of the settlement agreement.

"Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial order. *Id.* (citing *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)). It is well-settled there is a presumption a cause of action lies outside the federal court's jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Federal courts must have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action, or jurisdiction pursuant to the court's inherent powers or ancillary jurisdiction. *Id.* at 377-78.

In *Kokkonen*, the Supreme Court held federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id.* at 381. The Court stated ancillary jurisdiction is generally permissible under two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80 (internal citations omitted). As to the first circumstance, the Court found it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held a federal court has ancillary jurisdiction to enforce a settlement agreement if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement), or by incorporating the terms of the settlement agreement into the order. *Id.* at 381; *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014). Jurisdiction

exists in such a case because a breach of the settlement agreement violates a court order. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (citing *Kokkonen*, 511 U.S. at 381). If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, enforcement of the agreement is for the state courts. *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (holding that when a bankruptcy court had "entered an order approving the settlement agreement and a second order dismissing the case, . . . stating that '[t]he conditions of the settlement hav[e] been fulfilled'" it did not retain jurisdiction over the settlement agreement, nor did it incorporate 'the parties' obligation to comply with [its] terms'"). "Mere awareness and approval of the terms of the settlement agreement" by the judge are not enough to make the settlement agreement part of the dismissal order. *Kokkonen*, 511 U.S. at 381.

Neither of the factors identified in *Kokkonen* apply in this case. Therefore, this Court lacks jurisdiction to enforce the settlement agreement and Parker's motions relating to the settlement are denied.

**IT IS THEREFORE ORDERED** that Parker's motion to enforce settlement, (ECF No. 39), motion for relief, (ECF No. 40), emergency motion for an order to show cause, (ECF No. 41), and motion for court direction, (ECF No. 42), are all **DENIED**.

**IT IS FURTHER ORDERED** that no further documents are to be filed in this closed case. The Clerk is directed to return as unfiled any further documents received in this closed case.

**DATED**: <u>December 30, 2025</u>.

                                                                              _____
                                                                              **UNITED STATES MAGISTRATE JUDGE**